## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ABS GLOBAL, INC.,

                    Plaintiff,

v.

INGURAN, LLC d/b/a SEXING
TECHNOLOGIES,

                    Defendant.

Case No. 3:14-cv-00503

## [~~PROPOSED~~] PROTECTIVE ORDER

All parties to this lawsuit have stipulated and agreed to the entry of this Protective Order. The Court finds that:

A.      Documents, testimony, and information containing confidential, proprietary, trade secret, and/or commercially sensitive business information ("Confidential Information") are likely to be disclosed or produced during the course of discovery in this litigation.

B.      The parties to this litigation assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage.

C.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the following Protective Order should issue.

Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.

## 1.    DEFINITIONS

(a)    "Discovery Material" means all items or information, including from a non-party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

(b)    "Outside Counsel" or "Outside Attorney" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action, including any subsequent appeals from decisions entered in this action. Outside Counsel does not include attorneys who are employees of a Party.

(c)    "Party" means any party to this action, including its officers, directors, employees, and consultants.

(d)    "Producing Party" means any Party or other third-party entity that discloses or produces Discovery Material in this action.

(e)    "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

(f)    "Outside Consultant" means any outside person (and their support personnel) who is not a current employee of a Party or a competitor of a Party, and who has specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this litigation, or is retained or specially employed in anticipation of litigation or preparation for trial, and who is not

2

a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

(g)     "Protected Material" means Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL–OUTSIDE COUNSEL ONLY" as provided in this Protective Order. Protected Material shall not include (i) materials that on their face show that they have been published to the general public or otherwise in the public domain, (ii) information that after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Protective Order or any violation of law, (iii) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, (iv) information that a Receiving Party can show was independently developed after the time of its disclosure by personnel who have not had access to the information designated by a Producing Party under this Protective Order, or (v) information that has been submitted to any governmental entity without request for confidential treatment and is publicly available by that governmental entity or other public source.

## 2.     DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL

(a)     Confidentiality Designation – "CONFIDENTIAL". Any Producing Party may designate Discovery Material "CONFIDENTIAL" if the Discovery Material constitutes information concerning a party's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court.

(b)     Confidentiality Designation – "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY." Any Producing Party may designate Discovery Material "HIGHLY

3

CONFIDENTIAL-OUTSIDE COUNSEL ONLY" if the Discovery Material constitutes information concerning a party's current or future business or technical trade secrets and plans more secretive or strategic than "CONFIDENTIAL" information, the disclosure of which is likely to significantly harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentially to a third party or to a Court.

(c)     Designating Written Discovery and Documents and Tangible Things. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designation set forth in this Protective Order may be so designated by placing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" on at least the cover page of the written material prior to production, and on every page where practicable, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing such native format documentation. In addition to the foregoing, to the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file or folder name shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation. Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

(d)     Designating Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be treated as if designated "HIGHLY CONFIDENTIAL-

4

OUTSIDE COUNSEL ONLY" under the terms of this Protective Order until the time within which it may be appropriately designated as provided for herein has passed. Each Party shall use its best efforts to attach a copy of such written notice or notices to the face of each transcript of a deposition so designated that is within the Party's possession, custody or control. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Protective Order, (e.g. by including a label on the videotape or other video media which contains the appropriate confidentiality designation). Counsel shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(e)     Designating Information Not Reduced to Any Physical Form. For information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth above, the Producing Party must inform the Receiving Party of the designation of such information in writing.

(f)     Designating Discovery Material Made Available for Inspection. If a Producing Party makes Discovery Material available to another Party by allowing access to the Discovery

Material for inspection instead of delivering a copy of the material to a Party, the Producing Party may make a temporary designation of all items being inspected as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" if the Discovery Material made available for inspection may constitute or contain Confidential Information and is entitled to the level of confidentiality designated. The Producing Party shall inform the Party seeking the inspection in writing in advance of the inspection that Discovery Material made available for inspection shall be treated as Protected Material. If the Producing Party later produces any temporarily-designated Discovery Material, the Producing Party shall re-designate the material in accordance with terms of this Protective Order, for example, by placing the appropriate legend on any documents during the copying process.

(g)     Derivative Materials. The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

## 3.     NON-PARTY DISCOVERY

(a)     The Parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Discovery Materials. In such a case, the non-party who produces such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Material.

(b)     Information originating with a non-party and in a Producing Party's custody or control that is subject to a confidentiality obligation may be designated as "CONFIDENTIAL"

6

or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and the Protected Material shall be subject to the restrictions on disclosure specified in this Order.

(c)     A non-party's use of this Order to designate Protected Material does not entitle that non-party access to any other Protected Material produced by any party in this case. A non-party's use of this Order does not entitle that non-party to any rights or provisions applicable to experts, including objecting to the disclosure of Protected Material to an expert of a party.

## 4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)     No Duty to Challenge Designations Immediately. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Procedure for Challenging Designations. Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be designated differently, and shall identify the grounds for the objection with particularity. Thereafter, further protection of such material shall be resolved in accordance with the following procedures.

(i)     The objecting Party shall have the burden of conferring in compliance with the Court's local rules, either in person or by telephone, with the Producing Party (as well as any other Party who expresses an interest in maintaining the designation) in a good faith effort to resolve the dispute. The burden of demonstrating the confidential nature of any information shall at all times remain with the Producing Party. Any such disputed items shall be treated as originally designated by the Producing Party and subject to the protections of this Order unless and until the Court determines otherwise.

7

(ii)     If the parties cannot resolve the dispute over the designation, the objecting Party shall file a motion with the Court within seven (7) days of the conclusion of the meet and confer process seeking a ruling that the Discovery Material in question is not entitled to the protection conferred by the Producing Party's designation. The Parties' stipulation to this Protective Order shall not preclude any Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply to a dispute over protection of information disclosed in connection with discovery or disclosure of information.

(c)     Continued Confidentiality Treatment Pending Disposition of Challenge. Notwithstanding any challenge to a confidentiality designation of Discovery Material, the material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (i) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (ii) the Court rules that the Discovery Material in question is not entitled to the designation.

## 5.     RESTRICTIONS ON DISCLOSURE OF PROTECTED MATERIAL

(a)     Disclosure of "CONFIDENTIAL" Protected Material.     A Receiving Party may disclose designated Protected Material only to the following:

(i)     The Receiving Party's Outside Counsel;

(ii)     Where ABS Global, Inc. is the Receiving Party: Genus plc in-house attorney Dan Hartley. Where Inguran, LLC is the Receiving Party: Inguran, LLC elects not to designate an in-house attorney at this time. Before any in-house counsel is authorized to review the Protected Material, the Receiving Party's in-house personnel shall sign the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order and provide a copy of the signed Exhibit A to the Producing Party. Either Receiving Party may

8

change its designation by notifying the other Party in writing of the name, title, employer, and job responsibilities of the new proposed in-house attorney designee. The Parties shall meet and confer concerning the proposed designation within five (5) business days after the other Party's receipt of such written notice. If the Parties agree on the new proposed designee, the Parties shall file a stipulated amended Protective Order with the Court reflecting the new designation. If the parties do not agree, the Party seeking revision shall file a motion seeking amendment of the Protective Order. No more than one in-house attorney for a Party shall have access to Protected Material at any given time, and no disclosure of Protected Material shall be made to any in-house counsel who drafts and/or prosecutes patent applications.

(iii)   Any Outside Consultant retained by a Receiving Party, and any personnel assisting the Outside Consultant in this litigation, provided that such disclosure is only to the extent necessary to perform such work, and further provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) there are no unresolved objections to such disclosure existing after proper notice has been given to all parties as set forth in this Protective Order;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(v)   The Court, jury, and Court personnel;

(vi)   Personnel employed by anyone providing a Party with document litigation support, graphics, translation, design, jury study, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation;

9

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii)    Mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Protective Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other Party); and

(ix)    Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "CONFIDENTIAL."

(b)    Disclosure of "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Protected Material.    A    Receiving    Party    may    disclose    designated    "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Protected Material only to the following: those persons authorized for disclosure under Sections 5(a)(i), (iii)-(ix).

(c)    Additional Protection by Motion. If necessary, a Party may seek extra protection for particular Discovery Material by filing a motion seeking such extra protection.

(d)    Use and Disclosure of a Party's Own Materials. The restrictions of this Protective Order on the use and disclosure of Discovery Materials shall not limit the use or disclosure of Discovery Materials by the Producing Party.

(e)    Disclosure to Authors or Lawful Recipients of Protected Material. Any Party may disclose or use any Protected Material that originates in its own files in any manner of its choosing. Any person may be examined as a witness at trial, a hearing or during a deposition concerning any Protected Material which that person had lawfully received, seen, or authored prior to and apart from this action, and, therefore, nothing in this Protective Order shall preclude

10

any Party to this lawsuit or their attorneys from: (i) showing a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face; (ii) disclosing or using any Protected Material that has been produced by a Party to a present director, officer, and/or employee of that Party; (iii) disclosing or using any Protected Material that has been produced by a Party to a former director, officer, and/or employee of that Party so long as such Protected Material pertains to the time period or periods of such person's employment or service; or (iv) disclosing or using any Protected Material with an individual who although not identified as an author, addressee, or carbon copy recipient of such Protected Material, has, in the ordinary course of business, seen the Protected Material.

(f)     Depositions. If any witness is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall sign the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order. No one may attend the deposition or portions of any depositions, or review the transcripts or the portions of any transcripts, in which Protected Material is shown or discussed other than those individuals qualified to see such Protected Material as set forth in this Protective Order.

(g)     Providing Advice to Clients. Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this litigation, provided, however, that, in rendering such advice and otherwise communicating with their client, Outside Counsel shall not disclose the specific contents of any Protected Material produced by another Party if such a disclosure would be contrary to the terms of this Protective Order.

11

(h)     Agreement to Safeguard. All individuals receiving Protected Material under this
Agreement shall agree to safeguard such information to ensure that it is not revealed or disclosed
in a manner inconsistent with this Protective Order.

## 6.     NOTICE OF DISCLOSURE

(a)     Notice of Proposed Disclosure to Expert or Consultant. Prior to disclosing any to
any retained Outside Consultant Protected Material designated by another Party, the Party
proposing disclosure to such Outside Consultant shall serve on all parties: (i) an executed
agreement, whereby the Outside Consultant agrees to be bound by the terms of this Protective
Order in the form attached hereto as Exhibit A; (ii) the present employer and title of the person;
(iii) an up-to-date curriculum vitae of the person; (iv) an identification of any work performed by
that person for or on behalf of any Party within the four-year period before the filing of the this
litigation; and (v) an identification of any work performed by that person in litigation matters
within the four-year period before the filing of this litigation. This paragraph shall not apply to
disclosure of Discovery Material designated by the disclosing party as Protected Material.

(b)     Objection to Proposed Disclosure. Within ten (10) days of receipt of this
information, any Party may object to the proposed Outside Consultant on any reasonable basis.
Any such objection shall be served on all parties and: (i) state in detail the basis for the objection;
(ii) identify the categories of Protected Material that the objection applies to; (iii) state how the
objecting Party believes the disclosure may be harmful; and (iv) state why the objecting Party
believes the protections already afforded under this Protective Order would be inadequate to
prevent the anticipated harm such that objection is warranted.

(c)     Resolution of Objection to Disclosure. If a Party objects to the proposed
disclosure to an Outside Consultant within the time and in the manner required, the objecting
Party and the Party proposing disclosure shall meet and confer within five business days to

12

resolve the objection. If the objection is not resolved within this five day period, the objecting Party may move the Court for an order preventing disclosure of the information to the designated Outside Consultant within five business days after the meet and confer, and the Party proposing disclosure shall not disclose such information to its Outside Consultant until either the five business days lapse or, if the objecting Party makes a motion, until the Court rules on the motion. The objecting Party bears the burden of proof to prevent disclosure to the Outside Consultant. The parties will not oppose any Party's request for expedited briefing regarding any disputed objection providing for no more than three days for a response brief, and two days for a reply brief.

(d)    Objection to Continued Disclosure. A Party's failure to object to a disclosure of Protected Material to an Outside Consultant shall not preclude any Party from later objecting to continued access to such material by that Outside Consultant, so long as the objection is made in a timely manner after acquiring knowledge of the facts providing the basis for the objection. If a Party asserts an objection to continued access to Protected Material by an Outside Consultant, no further Protected Material shall be disclosed to the Outside Consultant until the Court resolves the matter or the objecting Party withdraws its objection. If an objection is made, the objecting Party and the Party proposing continued disclosure shall follow the procedure described above in section (c) for resolving such objections.

## 7.    USE OF PROTECTED MATERIAL

(a)    Use of Protected Material in General. Protected Material designated under the terms of this Protective Order shall be used solely for this litigation, except that Protected Material designated under the terms of this Protective Order may be used in connection with the Parties' pending litigation in Texas (*Inguran, LLC v. ABS Global, Inc.*, Case No. 4:14-cv-2535, U.S. District Court for the Southern District of Texas) upon entry of a mutually agreeable

13

protective order in that litigation, and subject to the limitations imposed by that protective order, the Federal Rules of Civil Procedure, and relevant local rules. Protected Material designated under the terms of this Protective Order shall not be used directly or indirectly for any other purpose whatsoever; except that this restriction shall not apply to the Producing Party.

(b)     Filing Protected Material with the Court. Any Receiving Party is authorized to file under seal with the Court in this case any material that is designated as Protected Material under this Protective Order. Any Protected Material filed with the Court in this case shall be filed under seal in compliance with this Protective Order and in accordance with the requirements of Western District of Wisconsin Administrative Order No. 311.

(c)     Use of Protected Material in the Courtroom. Protected Material may be used in open court, or in telephonic conferences with the Court, subject to any future orders of the Court.

(d)     Public Challenge.     Any interested member of the public may challenge the Producing Party's confidentiality designation of any material that is filed with the Court.

## 8.     ASSERTING PRIVILEGE OR WORK PRODUCT PROTECTION

(a)     Governing Rules. In accordance with Fed.R.Civ.P. 26(f)(3)(D) and Fed.R.Evid. 502, counsel for the Parties have met and conferred and reached agreement that the Parties will exchange information regarding claims of work product protection, attorney-client privilege, and/or any other applicable privilege in an efficient manner consistent with the provisions of this Protective Order. Except as to matters specifically addressed herein, nothing in this Protective Order shall narrow or limit the Parties' respective obligations under Federal Rule of Civil Procedure 26(b)(5).

(b)     Privilege Log Protocol.     The following protocol shall govern assertions of privilege or protection over Discovery Material:

14

(i)      When asserting privilege or protection on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Fed.R.Civ.P. 26(b)(5)(A)(ii) by group or category.  A Party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by FED. R. CIV. P. 26(b)(5)(A)(ii) has not been provided in a comprehensible form.

(ii)     Where an individual privilege log entry is necessary for an email thread, the Party's privilege log should reflect only the most inclusive message and need not include earlier, less inclusive messages that are fully contained, including attachments, within the most inclusive message.

(iii)    Documents generated after the filing of the original complaint in this litigation need not be included on a privilege log.

(iv)     The following types of documents shall be considered presumptively privileged and need not be included on a privilege log:

> a.   Internal communications within a law firm;
>
> b.   Communications between outside counsel (including their staff) and their respective client, other than those containing an opinion of counsel that may be relied upon to defend a claim; and
>
> c.   Confidential communications between outside counsel (including their staff) of different clients that have entered into a joint defense/common interest agreement.
>
> d.   Communications between outside counsel (including their staff) and their respective client after the filing date of this action.

15

(v)      Redacted documents need not be logged as long as (i) for emails, the bibliographic information (i.e., to, from, cc: and bcc: recipients, date, and time) is not redacted, and the reason for the redaction is noted on the face of the document; and (ii) for non-email documents, the reason for the redaction is noted on the face of the document.

(c)      Time For Asserting Privilege And Protection.  A producing Party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving Party or Parties in writing of the assertion of privilege or protection, except that:

(i)      Affirmative use of Discovery Material by the producing Party in the case waives privilege and protection with respect to that Discovery Material; and

(ii)      Upon use in the case by another of Discovery Material, where such use is known to the Party because the Discovery Material was introduced as an exhibit at a deposition or hearing or was included in a filing with the Court, that producing Party must promptly (within 30 business days) assert any claimed privilege and/or protection over it and request return or destruction thereof.

(d)      Non-Waiver By Disclosure.  Disclosure of communications and information in this case, in any form and regardless of whether made by agreement or otherwise, shall be without prejudice to and shall not waive for purposes of this proceeding or any other Federal or State proceeding, any attorney-client privilege, work product protection, or any other applicable privilege, immunity, or protection afforded by law.  For the avoidance of doubt, the provisions of this paragraph shall apply to all disclosures, privileges, and protections within the scope of Fed.R.Evid. 502(d), and further shall apply to all disclosures, privileges, and protections within this Court's authority, to the fullest extent permitted under law.  Pursuant to Fed.R.Evid. 502(d), if Discovery Material subject to privilege or protection is disclosed in this litigation pursuant to

16

an agreement of the parties that such disclosure shall be on a nonwaiver basis (meaning that no privilege is waived as to any other matter or document), the disclosure shall not be a waiver in any other federal or state proceeding.

(e)     Response to Request for Return of Discovery Material. Upon a request from any Producing Party who believes it has inadvertently produced Discovery Material that is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately return such Discovery Material (including all copies) to the Producing Party. The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production. Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

## 9.     INADVERTENT FAILURE TO DESIGNATE

(a)     Designation After Production. A Producing Party's failure to designate Discovery Material as Protected Material shall not waive the Party's right to make any such designation at a subsequent time, provided that the Producing Party notifies all Receiving Parties that such Discovery Material should be designated as Protected Material promptly after the Producing Party learns of the inadvertent failure to so designate.

(b)     Consequences of Designation After Production. A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Protective Order.

17

(c) Re-Labeling of Discovery Material. If Discovery Material is designated subsequent to production, the Producing Party shall promptly provide copies of properly designated Discovery Materials, and the Receiving Party shall make every reasonable effort to destroy, or at its option, return such undesignated or improperly designated Discovery Material. Notwithstanding the above, such subsequent designation of Discovery Material shall apply only on a prospective basis. Any person who reviewed such material before it was designated as Protected Material shall not be disqualified from any activity or otherwise prejudiced as a result of such review.

## 10. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a) Notice of Unauthorized Disclosure and Corrective Action. In the event of a disclosure of any Discovery Material to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Protected Status of Material After Unauthorized Disclosure. Unauthorized disclosure of Protected Material does not change the protected status of such material Discovery Material or waive the right to maintain the disclosed document or information as Protected Material.

18

## 11.  SUBPOENAS OR COURT ORDERS

(a)  <u>Notice and Opportunity to Seek Relief</u>. If any Party is served with any subpoena or other request for the production of Protected Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such Protected Material (directly or through the Producing Party's Outside Counsel), and shall provide each Producing Party with an opportunity to move for a protective order regarding the request for the production of Protected Materials. If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto. The Party to whom the subpoena or other request is directed also may produce such documents as required to comply with any legal duty or obligation imposed by the court or other judicial, arbitral, administrative, or legislative body.

## 12.  TERMINATION OF LITIGATION

(a)  <u>Continuing Obligations of Protective Order</u>. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that are admitted into evidence without any restriction on disclosure or otherwise become a matter of public record.

(b)  <u>Jurisdiction</u>. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

(c)  <u>Destruction or Return of Protected Material</u>. Within sixty (60) calendar days after the conclusion of the litigation (including all appeals and further proceedings resulting

therefrom), all Discovery Material containing Protected Material shall be either returned to the Producing Party or shall be destroyed, except: (1) electronic copies contained on disaster recovery media that are over-written every six months or less in the normal course of business; and (2) emails retained on backup systems for purposes of complying with litigation hold duties provided that the Receiving Party (i) does not intentionally store Discovery Material containing Protected Material in email accounts for purposes of circumventing the six month limit in part (1) of this exception; and (ii) makes a good faith effort to identify and destroy any copies of Protected Material that remain on disaster recovery media and/or backup systems should the Receiving Party become aware of such copies due to disaster recovery efforts. With respect to any copy of Protected Material of a Producing Party or derivation thereof that remains on disaster recovery media and/or backup system of a Receiving Party, such copies shall remain subject to this Protective Order and neither the Receiving Party nor its consultants, experts, counsel or other party acting on its behalf shall access or, make copies of any such information available to any person for any purpose other than as part of general disaster recovery efforts not targeted to any Protected Material unless compelled by law, and, in that event, shall provide forty-five (45) days notice to the Producing Party and shall not produce the information until the Producing Party has had reasonable time, not less than thirty (30) days, to object or take other appropriate steps to protect the information. A Receiving Party's obligation to return or destroy Protected Material received from another Party extends to materials the Receiving Party disclosed to others pursuant to this Protective Order. Counsel for any Party or non-party receiving Protected Material shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Producing Party within ninety (90) calendar days after the conclusion of the case against the Producing Party.

20

Notwithstanding this provision, Outside Counsel may retain an archival copy of pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## 13.    MISCELLANEOUS

(a)    Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek modification of this Protective Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein. Furthermore, without application to this Court, any Producing Party may enter into a written agreement releasing any Receiving Party from one or more requirements of this Protective Order as to Protected Material produced by the releasing Producing Party, even if the conduct subject to the release would otherwise violate the terms herein.

(b)    Successors. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(c)    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Parties' agreement to

21

this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise nondiscoverable, or is not admissible in evidence in this action or any other proceeding.

(d)     Burdens of Proof. Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(e)     Modification by Court. This Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Protective Order *sua sponte* in the interests of justice, or upon motion of a Party for good cause shown.

**It is SO ORDERED**
**SIGNED this 13 day of ___, 2014.**   APRIL

HONORABLE STEPHEN L. CROCKER
UNITED STATES MAGISTRATE JUDGE

22

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ABS GLOBAL, INC.,

               Plaintiff,

v.

Case No. 3:14-cv-00503

INGURAN, LLC d/b/a SEXING
TECHNOLOGIES,

               Defendant.

## AGREEMENT OF CONFIDENTIALITY

I certify that I have read the Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. In particular, I agree to safeguard Protected Materials to ensure that they are not revealed or disclosed in a manner inconsistent with the Protective Order. I consent to the personal jurisdiction of the United States District Court, Western District of Wisconsin, for any proceedings involving the enforcement of the Order.

_____

(Signature)

_____

(Printed Name)

_____

(Affiliation)

_____

(Date)

23