IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| ABS Global, Inc., | § § | |
| Plaintiff/Counterclaim-Defendant | § § § § | |
| v. | § § | |
| Inguran, LLC d/b/a Sexing Technologies | § § § | Case No. 3:14-cv-00503 |
| Defendant/Counterclaim-Plaintiff | § § § | **FILED UNDER SEAL – CONTAINS HIGHLY CONFIDENTIAL INFORMATION** |
| and | § § | |
| XY, LLC | § § § | |
| Intervenor Defendant/ Counterclaim-Plaintiff | § § § § | |
| v. | § § § | |
| GENUS PLC | § § § | |
| Counterclaim-Defendant | § | |

## INGURAN, LLC AND XY, LLC'S MOTIONS *IN LIMINE*

Inguran, LLC d/b/a Sexing Technologies ("ST") and XY, LLC ("XY") file the following motions *in limine* and request that the Court preclude ABS Global, Inc. ("ABS") and Genus PLC ("Genus") from eliciting or offering testimony, other evidence, argument on, or any mention or reference to any of the enumerated issues below without first seeking leave of Court.

**1.       Irrelevant ST and/or XY litigation**

1

Evidence or argument referencing any irrelevant litigation involving ST and/or XY should be excluded under F.R.E. 402 and 403 because it is irrelevant, prejudicial, and would result in a significant waste of the jury's time.  *See Am. Home Assur. Co. v. Merck & Co.*, 462 F. Supp. 2d 435, 446 (S.D.N.Y. 2006) (excluding evidence regarding unrelated Vioxx litigation because it was not sufficiently relevant to the claims at issue and unduly prejudicial).  The following is a non-exhaustive list of irrelevant litigation involving XY or ST that should be excluded under F.R.E. 402 and 403:

- *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87 (S.D. Ohio): *Semex* involved a dispute over a contract for the sale of particular bulls.  The probative value of the *Semex* litigation, if any, is far outweighed by the risk of confusing the jury by suggesting that ST is litigious;

- *XY, LLC v. Ottenberg*, 11-CV-2920-RBJ-KMT, (D. Colo.): *Ottenberg* involved a lawsuit for trade secret misappropriation and patent infringement involving former employees of XY.  None of the patents in *Ottbenberg* are at issue here.  The probative value of the *Ottenberg* litigation, if any, is similarly outweighed by the risk of confusing the jury by suggesting that ST is litigious;

- *Colo. State Univ. Research Foundation v. XY LLC ("CSURF")*: *CSURF* was an arbitration that involved a royalty payment dispute relating to contract interpretation.  The patent in *CSURF* is expired and not at issue here.  None of the issues in *CSURF* are relevant to the present litigation and any probative value would be outweighed by the risk of confusing the jury;

- *Monsanto Co. v. XY, Inc.*, No. 4:06-cv-992 (E.D. Mo.): *Monsanto* involved a lawsuit for patent infringement.  The case was settled and none of the patents in *Monsanto* are at issue here.  The probative value of the *Monsanto* litigation, if any, is similarly outweighed by the risk of confusing the jury by suggesting that ST is litigious.

**2.     References to ST and/or XY as "litigious," or any similar characterization**

Evidence, arguments, or references to ST and/or XY as litigious, a frequent filer of lawsuits, or any similar characterizations should be excluded under F.R.E. 401, 402, and 403 as irrelevant and prejudicial.  Any such evidence, arguments, or references have no bearing on any

issues in this case and only could cause ST and/or XY prejudice in the jury's eyes. *See Martin v. Royse*, 2010 WL 1521295, at *2 (N.D. Ind. Apr. 14, 2010) (granting a motion in limine to exclude "any reference to [plaintiff]'s other claims . . . to suggest that he is overly litigious"); *Gay v. Chandra*, 2009 WL 2868398, at *2 (S.D. Ill. Sept. 4, 2009) (granting the plaintiff's motion "to preclude evidence and argument that he is litigious or the filer of frivolous lawsuits or both"); *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776, 775-77 (7th Cir. 2001) (affirming the district court's exclusion of evidence regarding the plaintiff's purported propensity for filing lawsuits since the probative value of any such evidence "was outweighed by the danger of unfair prejudice inherent in a charge of litigiousness"); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, 2006 WL 6505348, at *3-*4 (W.D. Tex. May 31, 2006) (granting the plaintiffs' motions in limine to exclude "[a]ny statement, reference to, or evidence that Plaintiffs are or have been a party to other lawsuits," as well as "[a]ny reference or inference that [plaintiffs are] litigious," on the ground that "such evidence is irrelevant and immaterial, and would only serve to mislead, confuse, or unfairly prejudice the jury"); *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (excluding evidence of the plaintiff's prior lawsuits since such evidence "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity").

3.  **Argument that any patents owned by ABS negate infringement of the patents asserted by ST in this case**

ABS has acquired and obtained patents that may be practiced by the accused GSS System. These patents, however, do not negate ABS's infringement of the asserted patents. *See Atlas Powder Co. v. E.I. Du Pont De Nemours & Co.*, 750 F.2d 1569, 1580-81 (Fed. Cir. 1984) (rejecting defendant's argument that a patent on its accused product negates a claim of

infringement based on the patent-in-suit, and finding that a presumption of non-infringement does not arise from the issuance of a patent on an accused product). For example, it is possible that the GSS System includes a feature that is patented by ABS, while simultaneously infringing XY and ST's asserted patents. *See id.* (it is a "well-known fact that a very considerable portion of the patents granted are in a field covered by a former relatively generic or basic patent, [later patents] are a tributary to such earlier patent, and cannot be practiced unless by license" from the earlier patent).

The Court should exclude evidence or argument that the patents owned by ABS or its subsidiaries negate infringement because those patents are wholly irrelevant to the infringement inquiry at hand. *See Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) (upholding the district court's exclusion of defendant's patents because the "fact that [defendant's own] patent might read on [the accused product] is totally irrelevant to the question of whether [the defendant] willfully infringed another patent"). Moreover, the presentation of ABS's patents may unduly distract and confuse the jury about whether the GSS technology infringes the asserted patents. *See Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*, No. 92-3158, 1995 WL 468234, at *6 (E.D. La. 1995) (granting a motion in limine to preclude evidence of the defendant's patent on the accused product because a "detour of this sort would be only distracting and confusing to the jury, while providing little, if any, relevant information").

**4. Any *"per se"* violations of the antitrust laws or statutes, particularly on patent acquisitions**

It is the Court's duty to set out the law and its interpretation by jury instruction. *See Johnson v. Alabama*, 256 F.3d 1156, 1184 (11th Cir. 2001); *United States v. Hawley*, 562 F. Supp. 2d 1013, 1040 (N.D. Iowa 2008). Thus, any reference by ABS to the relevant standards or

4

burdens of proof for antitrust claims, including any reference to alleged *per se* violations based on ST's patent acquisitions, would both improperly undercut an explicit duty of the Court and confuse or mislead the jury on the interpretation of the antitrust laws.

Further, references to *per se* violations would confuse and mislead the jury on ABS's burden of proof and the legal standard. In particular, references that patent acquisitions are a *per se* violation would be highly prejudicial because they insinuate to the jury that ST's mere patent acquisitions are automatically a violation of the Sherman Act. *See, e.g.*, *Falconer v. Penn Mar., Inc.*, 397 F. Supp. 2d 68, 71-75 (D. Me. 2005) (granting a motion *in limine* to exclude any reference to negligence *per se* since that was not the applicable law).

Instead, the Court should prohibit ABS's reference to *per se* violations of the antitrust laws, particularly on patent acquisitions, as there is no probative value that outweighs the risk of prejudice to ST. ABS can still introduce evidence or argument related to ST's alleged antitrust violation based on patent acquisitions—it just cannot wade into interpreting the legal standard for the jury. The interpretation of the antitrust laws, including any standard related to patent acquisition, is explicitly reserved for the Court through jury instructions. *Sanchez v. City of Chicago*, 700 F.3d 919, 929 (7th Cir. 2012); *U.S. v. Scott*, 1997 WL 137206, at *7 (7th Cir. Mar. 19, 1997).

Moreover, ABS's argument that patent acquisitions are *per se* violations is incorrect.[1] In fact, no case or court has ever held that patent acquisitions by an alleged monopolist constitute a *per se* violation. Under Section 2 of the Sherman Act, patent acquisitions by an alleged

---

[1] This issue was fully briefed in ST's Motion for Summary Judgment (*see* Def.'s Mot. Summ. J. 54-60, Dkt. 275) and ST's Opposition to ABS's Motion for Summary Judgment (*see* Def.'s Opp. to Pl.'s Mot. Summ. J. 84-88, Dkt. 334).

5

monopolist do not constitute a *per se* violation. *See SCM Corp. v. Xerox Corp.*, 645 F.2d 1195, 1208 (2d Cir. 1981) ("In scrutinizing acquisition of patents under Section 2 of the Sherman Act, the focus should be upon the market power that will be conferred by the patent in relation to the market position then occupied by the acquiring part."). Instead, the court should focus on the circumstances of the acquiring party and the status of the relevant markets at the time of the acquisition. *Id.*; *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 99 F. Supp. 3d 610, 626 (S.D. Md. 2015).

In its motion for summary judgment, ABS improperly relies on *United States v. United Shoe Mach. Corp.* to support its flawed legal standard. But ABS fails to recognize that United Shoe was required to reduce its monopoly power because of its overall business practices, **not** its patents or patent acquisitions. 110 F. Supp. 295, 351 (D. Mass. 1953); *SCM Corp.*, 645 F.2d at 1204-05. Further, the Seventh Circuit has recognized that the transfer of valid patents has no antitrust significance and is not a *per se* violation. *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 266 (7th Cir. 1984). Thus, ABS should not be allowed to put forth any evidence or argument regarding *per se* violations of the antitrust laws or statutes, particularly with respect to patent acquisition.

5. *Inter Partes* **Review proceedings of the '920 and '425 patents**

The Court has stayed proceedings related to two patents-in-suit, U.S. Patent Nos. 7,195,920 ("'920") and 7,820,425 ("'425"), because they are the subject of *Inter Partes* Review ("IPR") proceedings. *See* Dkt. 359 (granting a stay on the '920 patent); Dkt. 411 (granting a stay on the '425 patent). In light of the stay, XY and ST have not developed arguments related to the '425 and '920 patents. For example, XY (and ABS) did not conduct expert depositions related to

these patents, or conduct additional discovery after the Court's stay. It would be grossly unfair to permit ABS to stay the litigation related to the '920 and '425 patents—because of the IPRs—while simultaneously permitting ABS to present evidence or argument related to the patents' IPR proceedings and thereby suggest that the two patents are invalid.

Evidence or arguments about the '920 and '425 patents' IPRs should be further excluded because they are not relevant to any remaining issue in the case, and their probative value, if any, is far outweighed by the prejudice that XY will suffer. The '920 and '425 patents are not relevant to any other patents in the case because the two patents do not share inventors, specification, or a priority date with any of the remaining patents in the litigation. Moreover, the probative value of these IPRs, if any, is mitigated by the fact that they are still pending. Indeed, the two IPR proceedings are pending a review by the Federal Circuit. *See XY, LLC v. ABS Global, Inc.* Case 16-1897 (Fed. Cir. 2016) (XY's Notice of Appeal on the '920 patent IPR); *see also Personalized Media Comms., LLC v. Zynga, Inc.*, No. 2:12-CV-00068-JRG, 2013 WL 10253110, at *1 (E.D. Tex. Oct. 30, 2013) ("While the pending *Inter Partes* Review may have some relevance, the Court finds that the danger of undue prejudice is extremely high and that danger cannot be mitigated simply by the use of a limiting instruction.") (internal citations omitted).

6. **Appeals to local prejudice, including any reference to XY or ST as "out-of-towners" "foreigners," or "out-of-state defendants," and reference to ABS or Genus as "locals"**

ABS should be precluded from making any reference or argument to appeal to local prejudice, including referring to XY/ST as out-of-towners, foreigners, or out-of-state defendants, or to ABS/Genus as locals, because doing so would be improper and highly prejudicial. *See*

*Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990) ("Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors."). Making such references or arguments would invoke jury bias in favor of the local party resulting in the jury having a prejudiced viewpoint against an out-of-state corporation. *Hensley v. Bulk Transp.*, 2014 WL 2515201, at *7 (S.D. Miss. June 4, 2014) ("Us-against-them pleas can have no appeal other than to prejudice by pitting 'the community' against a nonresident corporation [and are] an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial.").

Any such evidence or argument is not probative of any factual issues relevant to the causes of actions in this case under F.R.E. 401, and could only be offered for creating an unfair prejudice against XY/ST as an out-of-state resident in violation of F.R.E. 403. For these reasons, ABS/Genus should be precluded from referring or offering arguments or referencing the out-of-town versus local status of the parties. *See Guaranty*, 893 F.2d at 729.

If the Court determines the physical location of defendant can be referenced, XY/ST requests that any reference or argument not be made in a denigrating way or in a way to inflame the jury. *See Cunningham Charter Corp. v. Learjet, Inc.*, 2012 WL 1565532, at *9 (S.D. Ill. May 2, 2012) ("The Court grants defendant's request to the extent plaintiff cannot refer to defendant as 'foreign,' 'alien,' or some similar derivation. However, plaintiff can refer to defendant's Kansas headquarters, provided such reference does not imply something sinister about an out-of-state entity.").



**8. Any reference to the fact that (1) ST filed a motion to dismiss and motion to transfer this case, or that (2) ST filed a declaratory judgment lawsuit in Texas that was transferred back to this Court**

ABS should be precluded from putting forth any evidence, argument, or reference to the fact that ST filed a motion to dismiss and motion to transfer, or that ST filed a second declaratory judgment lawsuit in Texas that was transferred back to this Court. *See Sunstar, Inc. v. Alberto-Culver Co., Inc.*, 2004 WL 1899927, at *2-3 (N.D. Ill. Aug. 23, 2004) (issues decided as a matter of law are not relevant during trial); *Clipco, Ltd. v. Ignite Design,* LLC, No. 04 C 5043, 2005 WL 2861032 (N.D. Ill. Oct. 28, 2005). The reasons that ST sought to dismiss and transfer this case, as well as ST's reasons for filing a declaratory judgment lawsuit in Texas, are not relevant to the issues at trial. *Sunstar, Inc.*, 2004 WL 1899927, at *2-3. The motion to dismiss, the motion to transfer, and the declaratory judgment action have all been resolved. Any evidence or argument relating to ST's efforts to dismiss or transfer this case have no probative value and are likely to confuse the jury. *See Beech Acceptance Corp., Inc. v. Connell*, No. 88-1080-C, 1990 WL 171000, at *1-2 (D. Kan. Oct. 31, 1990). If the jurors learn that ST attempted to dismiss this action and failed, they may misinterpret what effect a denial of ST's motion to dismiss has on this litigation. Additionally, if the jurors learn that ST attempted to transfer this case through its

9

motion to transfer and declaratory judgment lawsuit in Texas, they may misinterpret ST's actions as an effort to move to a friendlier forum, as opposed to an effort to transfer to a more convenient forum, and therefore, be biased against ST. *See Sara Lee Corp. v. Sycamore Family Bakery, Inc.*, 2011 WL 3439933, at *2 (D. Utah Aug. 5, 2011). Any such evidence or argument should therefore be excluded.

**9.     Any evidence, argument, or testimony by any ABS or Genus witness on any topic whereby ABS and/or Genus asserted privilege and refused to provide testimony during depositions**

Using privilege as both a shield and a sword is not permitted. *Claffey v. River Oaks Hyundai, Inc.*, 494 F. Supp. 2d 976, 978 (N.D. Ill. 2007). Thus, "[w]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005). "Parties may not assert a privilege as a shield against discovery and then convert their invocation of the privilege to a sword by testifying about purportedly privileged matters at trial." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2003 U.S. Dist. LEXIS 7207, at *21 (N.D. Ill. Apr. 29, 2003); *see also Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001); *McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982).

ABS has previously asserted attorney-client privilege for each of the following issues and should not be allowed to comment on, refer to, or otherwise make any arguments regarding the issues where ABS claimed attorney-client privilege. In particular, but not limited to, ABS should not be allowed to refer to:



Case: 3:14-cv-00503-wmc   Document #: 497   Filed: 06/27/16   Page 11 of 19





Any reference to information that ABS has previously deemed privileged, not limited to the issues listed above, should not be referenced or disclosed to the jury.

**10.   Any evidence, argument, or testimony by any ABS or Genus witness on any topic for which ABS and/or Genus failed to designate a 30(b)(6) witness**

ABS did not designate a corporate representative to testify on the following 30(b)(6) topics propounded by ST:

13



Because ABS refused to designate witnesses on these topics, ABS should be precluded from presenting fact witnesses to testify regarding the issues.

Where a party fails to comply with its obligation under Fed. R. Civ. P. 30(b)(6) to produce a knowledgeable witness, courts may impose sanctions, including preclusion of evidence. *See Reilly v. NatWest Mkts. Grp.*, 181 F.3d 253, 268 (2d Cir. 1999) ("When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence."). ABS never produced a fact witness designated to testify on these two topics, and never revised its responses or objections to ST's 30(b)(6) requests, and preclusion of evidence is therefore proper.

**11.     ABS or Genus's "Version 1.5" of its GSS Technology**

This Court has held that GSS Version 1.5 ("GSSv1.5") is not in the case because ABS has "brazenly" opposed discovery on it.  *See* Dkt. 408 ("The court's view is that the GSSv1.5 system is NOT part of this lawsuit both as a matter of fact and practicality."). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court should exclude evidence, argument, mention of, or reference to GSSv1.5 because it will prejudice XY and ST, and will unduly confuse or distract the jury.

**12.     Disparaging remarks or references to the patent system, the United States Patent Office, or patents generally**

ST anticipates that ABS may proffer testimony and arguments directed at disparaging the U.S. Patent & Trademark Office ("USPTO") and alleging that the patents-in-suit were not properly examined because examiners are purportedly overwhelmed, incompetent, and unable to give patent applications the attention they deserve.  These arguments are highly prejudicial and lack any particularized basis for application to the examination of the patents-in-suit.  Such contentions further undermine the presumption of validity based on "the expertise of patent examiners presumed to have done their job."  *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 997 F.2d 1555, 1574 (Fed. Cir. 1992) (citation omitted).

15

Courts have routinely granted similar motions *in limine*. For example, in *EZ Dock, Inc. v. Schafer Systems*, the Court precluded defendants from denigrating the USPTO or its examiners because such contentions are irrelevant:

> As for assertions that the PTO and its examiners are not diligent or prone to error, the Court can find no relevance in either evidence to that effect or argument. It is Defendants' burden to prove, by the greater weight of the evidence, that the [patent] is either invalid or unenforceable. Aspersions are not evidence.

*EZ Dock, Inc. v. Schafer Systems*, No. 98-2364, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003); *see also Applied Material, Inc. v. Advanced Semiconductor Materials Am. Inc.*, C 92-20643, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995); *Ultratec, Inc. v. Sorenson Communs., Inc.*, 2014 WL 4829173, at *4 (W.D. Wis. Sept. 29, 2014).

13. **Any reference to changes in the parties' infringement or invalidity contentions; for example, patent claims, accused elements, or prior art that are no longer asssserted**

ABS should be precluded from introducing evidence or offering testimony relating to any changes to ST's infringement contentions, including, for example, claims and accused elements that are no longer asserted. ST anticipates that ABS may try to introduce testimony regarding ST's amendments to infringement contentions to improperly suggest that ABS does not infringe the asserted claims. ST's decision to limit the number of asserted claims and streamline the issues for trial, however, is not probative of ABS's infringement of the asserted claims and should not be used to suggest that ABS does not infringe the asserted claims. In turn, ST will not reference any changes to ABS's invalidity contentions. Numerous courts have recognized that such evidence, testimony, and argument is irrelevant, unduly prejudicial and would only serve to confuse the jury in the instant action. *See THK Am. V. NSK, Ltd.*, 917 F. Supp. 563, 573 (N.D. Ill. 1996); *Bright Response LLC v. Google*, 2010 WL 11057068, at *1 (E.D. Tex. Aug. 2, 2010).

16

**14.     Any newspaper, magazine or internet articles discussing or referencing this litigation or any alleged monopolistic or anticompetitive conduct by ST or XY**

ABS should be excluded from offering any newspaper, magazine, or internet articles that discuss or reference the above captioned litigation, or any alleged monopolistic or anticompetitive conduct by ST or XY. Such news articles are inadmissible hearsay, and if they are found to be admissible, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. FED. R. EVID. 403, 801(c), and 802. News articles are inadmissible hearsay when offered for the truth of what they report. *See Chicago Firefighters Local 2 v. City of Chi.*, 249 F.3d 649, 654 (7th Cir. 2001) (finding a newspaper article to be inadmissible hearsay); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Thus, the articles should be excluded.

If the Court finds that a hearsay exception applies to admit the articles, they should still be excluded because of the danger of unfair prejudice, confusing the issues, and/or misleading the jury. FED. R. EVID. 403. Articles describing this litigation or monopolistic and anticompetitive conduct by XY or ST would be highly prejudicial because the opinions or point of views of the authors of such articles would be interjected into the trial, which is hearsay. Additionally, the articles can mislead or confuse the jury into believing that what is stated in the articles are truths or facts, likely causing the jury to disregard the actual evidence and testimony offered at trial. Because any probative value of the articles is substantially outweighed by unfair prejudice, confusing the issues, and/or misleading the jury, they should be excluded. *See Hamlin v. Wenzel*, No. 13-cv-202-jdp, 2015 U.S. Dist. LEXIS 28873, at *2 (W.D. Wis. Mar. 10, 2015) (granting defendant's motion to exclude newspaper articles about alleged wrongdoing by DOC employees, reasoning that the potential for prejudice outweighed any probative value).

Dated: June 24, 2016	Respectfully submitted,

*/s/ Kirt S. O'Neill*
Sarah A. Zylstra
Wisconsin State Bar No. 1033159
Boardman & Clark LLP
One South Pinckney, Suite 410
P.O. Box 927
Madison, Wisconsin 53701-0927
Telephone: (607) 257-9521
szylstra@boardmanclark.com

Kirt S. O'Neill
Texas State Bar No. 00788147
(admitted pro hac vice)
Daniel L. Moffett
Texas State Bar No. 24051068
(admitted pro hac vice)
Clayton N. Matheson
Texas State Bar No. 24074664
(admitted pro hac vice)
AKIN GUMP STRAUSS
HAUER& FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Telephone: (210) 281-7000
Facsimile: (210) 224-2035
koneill@akingump.com
dmoffett@akingump.com
cmatheson@akingump.com

James L. Duncan III
Texas State Bar No. 24059700
(admitted pro hac vice)
AKIN GUMP STRAUSS
HAUER& FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822
jduncan@akingump.com

Fairley Spillman
District of Columbia

                    Bar No. 384879
                    (admitted pro hac vice)
                    AKIN GUMP STRAUSS
                    HAUER& FELD LLP
                    1333 New Hampshire Avenue, N.W.
                    Washington, D.C. 20036
                    Telephone: (202) 887-4000
                    Facsimile:  (202) 887-4288
                    fspillman@akingump.com

                    **ATTORNEYS FOR INGURAN, LLC AND XY, LLC**

## CERTIFICATE OF SERVICE

     I certify that a copy of the foregoing has been served upon all counsel of record via the court's CM/ECF system on June 24, 2016.

                    */s/ Kirt S. O'Neill*
                    Kirt S. O'Neill