IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABS GLOBAL, INC.,

       Plaintiff/Counterclaim Defendant,           OPINION AND ORDER

   v.

                                   14-cv-503-wmc

INGURAN, LLC,

       Defendant/Counterclaimant/Third-Party Plaintiff,

   and

XY, LLC,

       Intervening Defendant/Counterclaimant/Third-Party Plaintiff,

   and

CYTONOME/ST., LLC,

       Intervening Defendant,

   v.

GENUS PLC,

       Third-Party Defendant.

---

While the court has ruled on the majority of the parties' motions *in limine*, there are a number of *Daubert* motions pending. The court issues this opinion and order on the two challenges that appear to concern an expert's proffer on liability issues (dkt. ##441, 472), while reserving on the numerous other challenges that appear to concern solely the admissibility of experts' proffers on damage issues.

A.      **Plaintiff's Motion to Exclude Certain Testimony of Dr. John Nolan (dkt. #441).**

ABS seeks to exclude testimony of ST's expert John Nolan's that ABS knew or should have known that Kathy Mean misappropriated trade secrets.   However, ABS states in its motion in limine (dkt. #480) that it is conceding liability for misappropriation of trade secrets based on Kathy Mean's use of XY's ejaculate addition protocols to prepare similar protocols in 2011 for ABS.  Since this motion appears moot, it is DENIED.

B.      **Defendants' Motion to Exclude Testimony of Dr. John Parks (dkt. #472).**

ST seeks to exclude testimony from ABS's technical expert, John Parks, on any contract issues.  Dr. Parks is a proffered technical expert on scientific matters related to sperm, and he has provided expert reports focused on the protocols and media for sperm sorting.  ST points out, however, that his expert report also purports to opine on "contract-related issues" -- namely, whether information constitutes "Confidential Information" as defined by Section 16 of the Agreement, as well as whether certain conduct is a breach of the Agreement.  On these issues, ST argues that Parks is not qualified to opine, and further that contract interpretation is never a proper subject for expert testimony.

ABS responds that the motion should be denied because Dr. Parks never reaches any legal conclusions in his expert reports.  Instead, Dr. Parks reviewed the categories of information that allegedly constituted confidential information, concluded that the information was either known in the field generally or ST employees had already revealed

it in published scientific papers specifically.  By ABS's lights, Dr. Parks' assessment as to whether information is "confidential, non-public, proprietary and/or generally not known to the public" actually *calls for* scientific and technical opinions.  In support, ABS cites multiple decisions that have permitted an expert to testify about issues related to contract terms or interpretation, each time because their area of expertise was relevant to understanding the terms of the contract.  *See Tendeka, Inc. v. Glover*, No. 13-cv-1764, 2015 WL 2212601, at *24 (S.D. Tex. May 11, 2015) (with respect to misuse of confidential information, the court permitted a chemical engineer to testify about whether defendant independently developed a compound or used confidential information); *Pixart Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd.*, No. 10-cv-00544, 2011 WL 5417090, at *6 (N.D. Cal. Oct. 27, 2011) (permitting expert testimony regarding whether certain products were covered by a licensing agreement).

ABS also emphasizes that Dr. Parks' specific opinions about the Agreement were not legal opinions.  Instead, ABS asserts that Parks was simply applying the definition of "Confidential Information" under the Agreement in testifying: (1) that "quality control data" was not included in the definition; (2) that actions allegedly violating Section 16 took place before the effective date of the Agreement; (3) about Dr. Nolan's comments; and (4) about the hypothetical amount of harm ST would suffer as result of a breach of Section 16.

Dr. Parks' opinions about what information was in the public sphere and, therefore, *not* covered by the definition of "Confidential Information" in Section 16 of

the Agreement both appear to be tied to his expertise in the field of sperm sorting.

Accordingly, the court will permit him to testify on those issues.  However, ABS may not

seek any testimony from Dr. Parks about whether the timing of certain behavior violated

Section 16, and certainly not whether he believes that ABS's conduct ultimately

constituted a breach of Section 16.  The motion is, therefore, GRANTED in part and

DENIED in part.

## ORDER

IT IS ORDERED THAT:

1.  Plaintiff ABS Global, Inc.'s motion in limine to exclude certain testimony of Dr. John Nolan (dkt. #441) is DENIED as moot.

2.  Defendants Inguran, LLC and XY, LLC's motion in limine No. 2 to exclude testimony of Dr. John Parks (dkt. #472) is GRANTED IN PART AND DENIED IN PART.

Dated this 25th day of July, 2016.

BY THE COURT:

/s/

_____
William M. Conley
District Judge

4