IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABS GLOBAL, INC.,

    Plaintiff/Counterclaim Defendant,

v.

INGURAN, LLC d/b/a Sexing Technologies,

    Defendant/Counterclaimant,

and

XY, LLC,

    Intervening Defendant/Counterclaimant,

v.

GENUS PLC,

    Counterclaim Defendant.

ORDER

14-cv-503-wmc

---

The court is in receipt of Inguran's Rule 62(c) motion, which seeks to correct what it hopefully observes must have been "an inadvertent omission" in the court's final judgment. (Dkt. #797.) As ABS points out in response, there is a fundamental problem with Inguran seeking relief under Rule 62(c), which after all places the burden on the movant to demonstrate entitlement to relief under a four-part test that is "similar to the factors a court considers when determining whether to grant . . . [an] injunction," except that "the movant must make a stronger threshold showing of likelihood of success to meet its burden" since the court has already found its arguments lacking. *Peterson v. Vill. of Downer's Grove*, No. 14 C 09851, 2016 U.S. Dist. LEXIS 13867, at *8-9 (N.D. Ill. Feb. 4, 2016) (internal quotation marks omitted) (quoting *In re Forty-Eight Insulations, Inc.*, 115

F.3d 1294, 1301 (7th Cir. 1997)); *see also In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (considering a request for a stay pending appeal under standard four-part test for issuance of preliminary injunction).

Instead, Inguran premises its motion on the mistaken notion that the court's omission of the word "existing" from its permanent injunction "must have been inadvertent." On the contrary, the court adopted the specific language in light of the jury's verdict, recognizing that until there is once again a viable, competitive marketplace, ST could continue to exert its monopoly power by tying up bull studs in new, long-term contracts. Having said that, the court also imposed a five-year sunset provision on this ongoing injunction, and Inguran is welcome to seek even earlier relief if it can establish a basis to do so consistent with Rule 62(c), understanding that such a showing would appear to be a difficult one until a viable competitor has successfully launched a competing service in the relevant market. Accordingly, Inguran's motion under Rule 62(c) is DENIED.

Entered this 5th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge