IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABS GLOBAL, INC.,

    Plaintiff/Counterclaim Defendant,

v.

INGURAN, LLC,
d/b/a Sexing Technologies,

    Defendant/Counterclaimant,

and

XY, LLC,

    Intervening Defendant/Counterclaimant,

v.

GENUS PLC,

    Counterclaim Defendant.

AMENDED FINAL JUDGMENT IN A CIVIL CASE

Case No. 14-cv-503-wmc

---

This action came before the court and a jury with District Judge William M. Conley presiding. Partial judgment was granted by the court on April 24, 2017. The issues have been tried and a final decision has now been rendered.

---

IT IS ORDERED that:

1. Judgment is entered in favor of plaintiff/counterclaim defendant ABS Global, Inc. ("ABS") and counterclaim defendant Genus plc ("Genus"), and against defendant/counterclaimant Inguran, LLC d/b/a Sexing Technologies ("ST"), granting summary judgment and dismissing ST's claims of fraudulent inducement, promissory estoppel, and infringement of claims 3, 4, 6, 9, and 10 of U.S. Patent No. 8,206,987 (the "'987 patent").

2. Judgment is entered in favor of ABS and against ST on ABS's claim under § 2 of the Sherman Act, and granting injunctive relief under § 16 of the Clayton Act according to the permanent injunction ordered below.

3. Judgment is entered in favor of ST and against ABS on ABS's claim for damages under § 4 of the Clayton Act.

4. Judgment is entered in favor of ABS and against ST on ABS's claim under the Wisconsin common law of unfair competition, but awarding no monetary damages.

5. Judgment is entered declaring that ABS's GSS technology is a "technology for sorting mammalian semen into X (female) chromosome bearing and Y (male) chromosome bearing sperm populations" under Section 18(a) of the parties' 2012 Semen Sorting Agreement ("2012 Agreement").

6. Judgment is entered declaring that the research and development of ABS's GSS technology was permitted by Section 18(b) of the 2012 Agreement.

7. Judgment is entered declaring that the liquidated damages provision in Section 4(b) of the 2012 Agreement is unenforceable under Texas law.

8. Judgment is entered preserving the validity of Section 4(a) of the 2012 Agreement under Texas law by reforming Sections 4(b) and 4(c) of the 2012 Agreement to preclude any recoveries for unpurchased straws, beyond the liquidated damages set forth in Section 4(a).

9. Judgment is entered declaring that the restrictions set forth in Section 18 of the 2012 Agreement are unreasonable and unenforceable as written under Texas law, and reforming Section 18 in accordance with the permanent injunction ordered below.

10. Judgment is entered in favor of ST and against ABS and Genus jointly and severally in the amount of Five Hundred Thousand Dollars ($500,000) in past

damages, together with prejudgment interest in the amount of Fifty-Nine Thousand, Sixty-Five Dollars ($59,065), on ST's claim of literal infringement of claims 1, 4, 13, 40, 41, 42, 44, and 46 of U.S. Patent No. 8,198,092 (the "'092 patent").

11. Judgment is entered in favor of ST and against ABS and Genus on ABS and Genus's claims of invalidity of claims 1, 4, 13, 40, 41, 42, 44, and 46 of the '092 patent.

12. Judgment is entered for ABS or Genus's future infringement of the '092 patent, granting ST an ongoing royalty of Fifty Cents ($0.50) per straw of sexed semen sold by ABS that was processed with the infringing GSS technology, or any technology not more than colorably different, where such sale or processing took place in the United States through the remaining life of the '092 patent. Any ongoing royalty payments will be made on a quarterly basis with a report that includes an accounting of the number of royalty-bearing straws that were sold during that quarter. Such payment and report shall be made within 60 days of the end of the calendar quarter for which payment and reporting are made.

13. Judgment is entered in favor of ST and against ABS and Genus jointly and severally in the amount of Seven Hundred Fifty Thousand Dollars ($750,000) in past damages, together with prejudgment interest in the amount of Eighty-Eight Thousand, Five Hundred Ninety-Eight Dollars ($88,598), on ST's claims of literal infringement of claims 1 and 7 of the '987 patent.

14. Judgment is entered in favor of ST and against ABS and Genus on ABS and Genus's claims of invalidity of claims 1 and 7 of the '987 patent.

15. Judgment is entered for ABS or Genus's future infringement of the '987 patent, granting ST an ongoing royalty of One Dollar and Twenty-Five Cents ($1.25) per straw of sexed semen sold by ABS that was processed with the infringing GSS technology, or any technology not more than colorably different, where such sale or

processing took place in the United States through the remaining life of the '987 patent. Any ongoing royalty payments will be made on a quarterly basis with a report that includes an accounting of the number of royalty-bearing straws that were sold during that quarter. Such payment and report shall be made within 60 days of the end of the calendar quarter for which payment and reporting are made.

16. Judgment is entered in favor of ABS and Genus and against ST on ABS and Genus's claim of invalidity of claim 2 of the '987 patent.

17. Judgment is entered in favor of ST and against ABS and Genus jointly and severally in the nominal amount of One Dollar ($1.00) on ST's claim that ABS and Genus materially breached the confidentiality provision of the 2012 Agreement.

18. Judgment is entered in favor of intervening defendant/counterclaimant XY, LLC ("XY") and against ABS and Genus jointly and severally in the amount of Seven Hundred Fifty Thousand Dollars ($750,000) in damages, together with prejudgment interest in the amount of $24,595.20, on XY's claim that ABS and Genus misappropriated XY's trade secrets.

19. Judgment is entered in favor of ABS against ST permanently enjoining ST as follows:

　i. This Permanent Injunction shall remain in full force and effect for five (5) years, commencing on April 24, 2017;

　ii. For purposes of this Permanent Injunction, the following terms apply:

　　a. "ABS" shall mean plaintiff ABS Global, Inc.

　　b. "ST" shall mean defendant Inguran, LLC.

　　c. "Other U.S. bull studs" shall mean entities in the business of selling semen from their own bulls for use in artificial insemination that operate in the United States and are third parties to this lawsuit.

　iii. ST is permanently enjoined as follows:

- ST is enjoined from unilaterally terminating the 2012 Agreement due to ABS's material breach of contract as found by the jury;

- ST is enjoined from enforcing the research restrictions, field trial limitations and the "no sale or marketing" restrictions in the 2012 Agreement;

- ST is enjoined from seeking to prevent the termination of sorting contracts entered into with other U.S. bull studs on or after July of 2012, provided the bull stud gives at least one year's advance, written contractual notice, and ST is enjoined from seeking or collecting any damages or penalty for such an early termination; and

- ST shall give prompt, written contractual notice of this limitation on the exercise of its termination rights to all applicable bull studs by transmittal of this Judgment and the court's Opinion and Order (dkt. #772) by certified mail.

iv. Violation of this Permanent Injunction shall be subject to all applicable penalties, up to and including contempt of court.

v. This court shall retain continuing jurisdiction over ABS, ST and their actions for the purpose of enforcing this Permanent Injunction.

20. Judgment is entered in favor of ABS and Genus against XY with respect to U.S. Patent No. 7,195,920 (the "'920 patent") and U.S. Patent No. 7,820,425 (the "425" patent).

Approved as to form this 8th day of August, 2018.

_____
William M. Conley
District Judge

_____     8/9/18
Peter Oppeneer                       Date
Clerk of Court