IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABS GLOBAL, INC.,

    Plaintiff/Counterclaim Defendant,

v.

INGURAN, LLC d/b/a SEXING TECHNOLOGIES,

    Defendant/Counterclaim Plaintiff,

and

XY, LLC,

    Intervenor-Defendant/Counterclaim Plaintiff,

v.

GENUS PLC,

    Counterclaim Defendant.

ORDER

14-cv-503-wmc

---

INGURAN, LLC, CYTONOME/ST, LLC,
and XY, LLC,

    Plaintiffs/Counter Defendants,

v.

ABS GLOBAL, INC., GENUS PLC
and PREMIUM GENETICS (UK) LTD.,

    Defendants/Counter Claimants.

ORDER

17-cv-446-wmc

---

In this order, the court takes up on two pending motions.

## I. ST's Motion for Leave to Serve a Supplemental Rebuttal Expert Report of Dr. Giacomo Vacca

In granting defendant ABS's motion for leave to supplement its expert Di Carlo's report, the court allowed ST to supplement its expert Vacca's report in response. ST has

now submitted a short supplemental report, touching on the following four topics: (1) his response to Di Carlo's view that the ramp in Detail D of the GSS chip focuses from the top and bottom (¶¶ 8-11); (2) clarification of his opinion about the ramp in Weigl (¶¶ 12-14); (3) how the ramp and taper in Detail D in the GSS chip and Detail C in the single sheath chip meet the direction limitations of the asserted claims of the '476 patent (¶¶ 15-16); and (4) reiterating his view that the ramp and taper are two regions or steps (¶ 17). (Vacca's Suppl. Rept. ('503 dkt. #1016-1).)

ABS offers two objections to the supplemental report. *First*, ABS argues that Vacca's opinion in ¶ 15 extends beyond that in his original report and is not in response to the areas of supplementation of its expert Di Carlo. Specifically, ABS challenges Vacca's statement that a limitation in the '476 patent -- of a "primary focusing region *extending downstream of the sample injection site* for focusing the sheath fluid around the particle in at least a first direction" -- is satisfied by the vertical ramp in the two alleged infringing chips. (ABS's Resp. ('503 dkt. #1033) 3.) As an initial matter, Vacca adequately disclosed in his initial report how the ramp could serve as a "primary focusing region." His original opinion, however, did not include any opinion as to the ramp meeting the limitation by "extending downstream of the sample injection site." In his supplement, Vacca simply quotes the entire claim term, rather than the more limited "primary focusing region" language, but he offers no analysis as to how the "extending downstream of the sample injection site" is satisfied. Accordingly, while the court agrees with ABS that the "extending downstream of the sample injection site" language is "new," and not a response to Di Carlo's supplement, there is also no additional analysis or opinion as to that phrase. There

being nothing for the court to exclude, the court rejects this challenge, although Vacca may not opine that the ramp satisfies the "extending downstream of the sample injection site" limitation.

*Second*, ABS argues that Vacca's new testimony about Weigl's ramp invites the jury to construe "focusing," which is not the domain of the jury and for which the court has already provided a construction. The court does not view Vacca's testimony about Weigl to be contrary to the court's construction of "focusing." Instead, he is simply attempting to explain (or, from ABS's perspective, walk back) his description of the ramp in Weigl as focusing from the top and bottom. In light of Di Carlo's increased emphasis on focusing from two directions at the ramp, and ABS's stressing Vacca's opinion in his invalidity report on Weigl, the court will allow this supplementation. Of course, nothing about Vacca's supplemental report hinders ABS's ability to challenge Vacca as to an apparent inconsistency between his view of the ramp in Weigl and his review of the ramp in the alleged infringing chips. As such, the court will not strike this portion of the report, although ST should remind Vacca that he must adopt the court's definition of "focusing" in his testimony. Rather than allowing both sides to argue different meanings of directional focusing based on whether any focusing in one direction necessarily results in focusing from the opposite direction under the laws of fluid dynamics, the court will also entertain argument whether D. Carlo's and ABS's position is consistent with the patent claims or requires some additional claims construction.

Accordingly, ST's motion for leave to serve supplemental rebuttal expert report of Dr. Giacomo Vacca ('503 dkt. #1016; '446 dkt. #411) is GRANTED.

II. **Joint Motion to Serve Supplemental Damages Reports**

Most recently, the parties filed a joint motion to supplement both of their respective damages reports based on updated financial data. (Joint Mot. ('503 dkt. #1054; '446 dkt. #449.) This motion is GRANTED.

ORDER

Accordingly, IT IS ORDERED that:

1) Plaintiffs Inguran, LLC, Cytonome/ST, LLC and XY, LLC's motion for leave to serve supplemental rebuttal expert report of Dr. Giacomo Vacca ('503 dkt. #1016; '446 dkt. #411) is GRANTED.

2) The parties' joint motion to supplement both of their respective damages reports ('503 dkt. #1054; '446 dkt. #449) is GRANTED.

Entered this 29th day of August, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge