IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ABS GLOBAL, INC.,

    Plaintiff/Counterclaim Defendant,

v.

INGURAN, LLC d/b/a SEXING TECHNOLOGIES,

    Defendant/Counterclaim Plaintiff,

and

XY, LLC,

    Intervenor-Defendant/Counterclaim Plaintiff,

v.

GENUS PLC,

    Counterclaim Defendant.

ORDER

14-cv-503-wmc

---

INGURAN, LLC, CYTONOME/ST, LLC,
and XY, LLC,

    Plaintiffs/Counter Defendants,

v.

ABS GLOBAL, INC., GENUS PLC
and PREMIUM GENETICS (UK) LTD.,

    Defendants/Counter Claimants.

ORDER

17-cv-446-wmc

---

In response to the court's proposed closing liability instructions, the parties submitted redlined edits, briefs in support of those redlined edits, and responses to the opposing parties' submissions. Having reviewed those materials, the court issues this order describing its reasoning for adopting or rejecting the parties' proposed edits, along with the revised instructions themselves, for possible discussion at this afternoon's telephonic

conference.

1. **Meaning of terms: focusing**

In defining the word "focusing," the court will include the previously bracketed language after the disclaimer, having concluded it is necessary to define adequately the scope of the disclaimer. The court recognizes that this language may not be as relevant given ST's position that it will not be pursuing an infringement theory based on the primary focusing region occurring at an injection site. Nonetheless, the additional language best captures the court's claims construction order, and specifically the parameters of the disclaimer. In including this additional language, the court will adopt ST's proposed modified language, finding that it accurately reflects the ways in which focusing could occur at an injection site.

2. **Meaning of terms: primary focusing region**

The court has opted not to change the definition of this term, including the use of the word "preceding." This definition accurately reflects its claims construction, and the use of the word preceding accurately describes the spatial relationship between the two regions or steps.

3. **Prior art**

The court will provide a modified version of the prior art instruction, limiting the prior art references to the five that are at issue in the obviousness challenge, rather than the longer list provided by ABS. While the court understands ST's position that this instruction is no longer needed in light of its decision not to challenge Nieuwenhuis 2003

as a prior art reference, the court has concluded that having a list of agreed upon prior art references may be helpful to the jury.

### 4. ABS's proposed additional sentence in anticipation and obviousness instructions

ABS proposed the addition of the following sentence at the end of the anticipation instructions: "A claim that covers a category may be anticipated by the disclosure of a single example within the scope of that category in a single item of prior art." The court opts not to provide this instruction for two reason. First, rather than clarify, the language introduces new uncertainty, especially the meaning of the term "a category" and, therefore, is more likely to confuse than provide additional guidance to the jury. Second, the thrust of ABS's concern is already addressed in the prior sentence, which instructs the jury that the anticipation defense may be met if a person skilled in the art "would be able to make and use *at least one* embodiment of the claimed invention without undue experimentation." (Emphasis added.) For this same reason, the court declines to add the following sentence to the instruction on obviousness: "A claim that covers a category may be obvious based on the obviousness of a single example within that category."

### 5. Reference to *ABS I*'s finding of nonobviousness of '987 patent

The court also rejects an instruction about a previous determination that the asserted claims of the '987 patent are not obvious, finding that this instruction is *not* relevant to the jury's determination of obviousness in this case. Moreover, the court rejects ABS's argument that the jury may be confused by its task. The court will have already explained the respective invalidity challenges as part of the introductory instructions, and

the verdict form clearly identifies the relevant invalidity challenge for each patent.

   6. **Obviousness factors**

In the sentence preceding the list of factors, the court will change the word from "should" to "may," finding that this more accurately reflects the use of multi-factor lists in making a determination that is ultimately left to the jury. The court will also bracket the two factors ST challenges as irrelevant and reserves on whether the list should include those two factors until hearing the evidence at trial.

   7. **Extra enablement sentences**

The parties both proposed an additional sentence at the end of the first paragraph of the enablement section. Because both appear relevant and consistent with case law, and when viewed together, adequately describe the two extremes of the enablement requirement (e.g., a "perfected, commercially viable embodiment" is not required, but the specification "must provide more than an invitation for further research"), the court has added both statements at the end of the enablement instruction.

   8. **ABS's additional enablement instruction purportedly based on Seventh Circuit's opinion**

ABS seeks to add "It has already been determined that each asserted claim of the '987 patent encompasses, among other things, a photo-damage sorter that produces sexed semen at commercially usable speeds, purities, and viability levels." The court reserves on this proposed addition pending further review of the Seventh Circuit decision and argument by the parties. In addition, the court opts not to make the change from "the" to "every" finding, because it is duplicative of the "by each claim" language.

9. **ST's proposed additional language in failure to comply section**

ST seeks to add:

> You may, however, consider the availability and results of other purity tests as circumstantial evidence of whether a breach occurred and whether the breach was material. This may include evidence about whether the purity tests run by ST were properly performed or reported, whether ABS would have discovered any improper performance or reporting, and the extent of any alleged breach.

('503 dkt. #1049-1 at p.15.) The court opts to provide an instruction as to the possible relevance of other purity tests, but not the availability of other tests, or whether ABS could have discovered ST's alleged failure to comply with the purity requirement earlier. This additional argument may be relevant to the jury's determinations as to whether the breach was material, ST's waiver defense, or a mitigation of damages defense, but it is less relevant to ST's alleged failure to comply, if at all, nor to the jury's determination of that question. Still, ST may present evidence and argue that ABS failed to use other available tests to challenge ST's purity results or as a basis to claim a breach of that provision of the contract sooner.

10. **Waiver defense**

ST challenges ABS's addition of the sentence, "If, however, the non-breaching party is only actively trying to extricate itself from the contract, while making certain that its needs are met so that it could continue in business, then you should not find waiver," arguing that the case ABS relies on for this proposition is distinguishable from the facts at issue here. While the court views this as a factual dispute for the jury -- for example, whether ABS could have terminated the contract earlier given its lack of replacement

technology or whether it accepted a lower quality product as a matter of convenience -- the court has opted to remove this last sentence, as well as ST's two preceding sentences, finding it best to provide the jury with a simpler instruction consistent with the Texas pattern instruction, which largely leaves to the jury to weigh the specific fact pattern before it.  However, nothing about this ruling, precludes the parties from the making arguments on waiver consistent with their proposed additions.

      Entered this 30th day of August, 2019.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge